UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-345-FDW
(3:07-cr-173-FDW)

| | |
|---|---|
| OLIVER W. JOHNSON, JR., ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Opposition to the Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 6).

**I.     BACKGROUND**

Petitioner Oliver W. Johnson, Jr., participated in a mortgage fraud conspiracy operating throughout North Carolina from 2002 through 2005. (Crim. No. 3:07-cr-173, Doc. No. 120 at 5-6). The scheme involved recruiting buyers to obtain loans that exceeded the value of the property and then pocketing the difference after purchasing the property at the lower fair market price. (Id., Doc. No. 120 at 6). Petitioner participated as a promoter of the scheme, recruiting buyers with a suitable credit history and arranging for loans on behalf of the buyers by submitting false documents to lenders. (Id., Doc. No. 120 at 6-9).

The Grand Jury for the Western District of North Carolina charged Petitioner and two of his coconspirators in a thirteen-count superseding bill of indictment on March 19, 2008. (Id.,

Doc. No. 55). Petitioner was named in six of the counts, charging him with conspiracy to commit mortgage fraud, in violation of 18 U.S.C. § 371; three counts of mail fraud and aiding and abetting the same, in violation of Sections 1341 and 2; and two counts of money laundering and aiding and abetting the same, in violation of Sections 1956(h), 1957(a), and 2. (Id., Doc. No. 55 at 9-12). This Court appointed Attorney Scott Gsell to represent Petitioner. (Id., Doc. No. 32). On May 19, 2008, Petitioner pleaded guilty, according to the terms of a written plea agreement, to the conspiracy count and one of the mail fraud counts. See (Id., Doc. No. 63-1). In exchange for the concessions made by the Government, Petitioner agreed to waive all rights to challenge his conviction except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 63-1 at 5).

In the presentence investigation report, the probation officer recommended a guidelines range of imprisonment of 97 to 121 months based on a total offense level of 28 and criminal history category of III. (Id., Doc. No. 108 at 19). Included in Petitioner's criminal history was a 1999 conviction for simple assault and battery in South Carolina General Sessions Court. (Id., Doc. No. 108 at 13). In the narrative describing the offense, the probation officer noted that the conviction was related to charges of lewd act on a minor and criminal sexual conduct, which were dismissed when Petitioner pled guilty to the assault and battery charge. (Id., Doc. No. 108 at 13; 15). The lewd act on a minor and criminal sexual conduct charges were summarized in Petitioner's "other criminal conduct" but had no impact on his criminal history category or the advisory guidelines range. See (Id., Doc. No. 108 at 15).

In response to the presentence report, Petitioner, through Attorney Gsell, filed more than 40 factual clarifications or requests for revisions and seven substantive objections, including challenges to the number of victims, the loss amount, and the application of various enhancements. See (Id., Doc. No. 114). Before sentencing, this Court conducted an inquiry into

the status of counsel, at which it permitted Attorney Gsell to withdraw from his representation of Petitioner. On March 23, 2009, this Court appointed Attorney Steven Meier to replace Attorney Gsell. (Id., Doc. No. 121). After receiving a continuance, Attorney Meier represented Petitioner at his sentencing hearing on March 1, 2010.

At the sentencing hearing, after hearing argument from Petitioner on his various objections and receiving evidence from the Government, this Court overruled Petitioner's objections and adopted the presentence report for purposes of the guidelines. (Id., Doc. No. 182 at 56; 61). Having determined that the applicable guidelines range was 97 to 121 months, the Court then heard argument from both sides regarding the appropriate sentence. Arguing for leniency on behalf of Petitioner, Attorney Meier contended that Petitioner's "psychiatric issues" set him apart from his co-defendants, discussed Petitioner's history of mental illness, noted that Petitioner served admirably in the "Jag Corp," and predicted that Petitioner could be rehabilitated with the proper treatment. (Id., Doc. No. 182 at 62-66).

In announcing its sentence, this Court explained that a variance was not appropriate and that the guidelines provided a "good definition of just punishment" in Petitioner's case. (Id., Doc. No. 182 at 93; 96). The Court also noted that Petitioner's offense was "quite serious" and involved a "sophisticated scheme." (Id., Doc. No. 182 at 93-94). After carefully summarizing the relevant sentencing factors, the Court sentenced Petitioner to a within-guidelines sentence of 100 months. (Id., Doc. No. 182 at 99; 102). The Court entered its judgment on March 15, 2010, and Petitioner filed a notice of appeal four days later. See (Doc. Nos. 165; 168). Attorney Meier filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserted that there were no meritorious issues for appeal but questioned the reasonableness of Petitioner's sentence. On April 11, 2011, the Fourth Circuit affirmed Petitioner's conviction and sentence in

an unpublished, per curiam opinion.  United States v. Johnson, 422 Fed. App'x 281 (4th Cir. 2011).  Petitioner did not seek a writ of certiorari from the Supreme Court.

Petitioner filed his Motion to Vacate in this Court on July 15, 2011.  In his Motion to Vacate, Petitioner claims he received ineffective assistance from counsel during sentencing.  Specifically, Petitioner contends that counsel failed to object to statements in the presentence report's recitation of his criminal history and failed to present evidence of several mitigating factors, including Petitioner's history of mental illness, the caretaking role he played for his grandmother, and his history of military service.

## II.	STANDARD OF REVIEW

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).  Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

**III.    DISCUSSION**

Petitioner first claims that Attorneys Gsell and Meier were constitutionally ineffective for failing to object to the probation officer's description in the presentence report of Petitioner's 1999 charges for lewd act on a minor and second-degree criminal sexual conduct with a minor. See (Crim. No. 3:07-cr-173, Doc. No. 108 at 13, 15).  According to Petitioner, the probation officer mistakenly assumed that these charges were related to Petitioner's conviction for simple assault and battery, and that the probation officer erred by suggesting that the sex crimes charges were dismissed as part of Petitioner's guilty plea to the assault and battery charge.  Petitioner claims that, as a result of the erroneous description in the presentence report, the Bureau of Prisons mis-classified his security and custody level and assigned him to a facility with a majority population of sex offenders.  In his motion to vacate, Petitioner asks this Court to order that the probation officer amend the presentence report in the hopes that it will allow the Bureau of Prisons to reclassify Petitioner and assign him to a different facility.

In response, the Government argues that it is entitled to judgment as a matter of law as to this portion of Petitioner's ineffective assistance of counsel claim because Petitioner's claim regarding the narrative description of a prior arrest contained in his presentence report is not cognizable on collateral review.  The Court agrees.  Section 2255 provides as follows:

> A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Petitioner has not claimed the right to be released or otherwise moved this

Court to vacate, set aside, or correct his sentence based on counsels' failure to object to the description in his criminal history. Instead, Petitioner's objection to the presentence report and his classification by the Bureau of Prisons relate to the location and conditions of imprisonment.

Because he has neither asserted the right to be released nor argued that the Court should vacate, set aside, or correct his sentence based on counsels' failure to object to the description in his criminal history, Petitioner's claim is not cognizable in a motion under Section 2255. Furthermore, only the Bureau of Prisons has the statutory authority to designate the locations where prisoners serve their sentences, so the Court can only make a recommendation as to whether a defendant will serve his sentence. See 18 U.S.C. § 3621(b). Accordingly, Petitioner's claim is not one upon which relief may be granted and the Court will, therefore, dismiss this part of his ineffective assistance of counsel claim.

Next, Petitioner claims that he received ineffective assistance based on counsel's failure to present evidence of Petitioner's psychiatric treatment records and history of mental illness. However, Attorney Meier based his argument for leniency on Petitioner's history of mental illness. Attorney Meier began his argument by stating, "[W]hat sets Mr. Johnson apart from others within this conspiracy, and what I'd ask the Court to take into account in imposing the sentence is his psychiatric issues." (Crim. No. 3:07-cr-173, Doc. No. 182 at 62). In support, Attorney Meier summarized Petitioner's struggles with bipolar disorder, obsessive compulsive disorder, anxiety disorder, and depression. (Id., Doc. No. 182 at 63).

Although Attorney Meier did not admit Petitioner's medical records into evidence, he specifically summarized the various medications Petitioner had taken, and he presented a timeline of the professional care Petitioner had received. (Id., Doc. No. 182 at 63-64). Because Meier presented the substantive argument about which Petitioner complains, Petitioner has not

6

shown deficient performance. See Blakeney v. Branker, 314 Fed. App'x 572, 587 (4th Cir. 2009) ("[I]n light of the wealth of information presented by trial counsel [at sentencing], additional information [contained in unobtained records] would have added little[,] [t]here was no 'reasonable probability' that the outcome would have been different had trial counsel conducted an even more exhaustive investigation.") (alterations in original) (quoting Byram v. Ozmint, 339 F.3d 203, 211 (4th Cir. 2003)).

Next, Petitioner contends, without elaboration, that he received ineffective assistance at sentencing based on counsels' failure to argue for a reduction under Guidelines § 5H1.6 based on Petitioner's caretaking role with his grandmother. Section 5H1.6 directs that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6 (emphasis added). Although family ties are a disfavored consideration, the application note to Section 5H1.6 states that a departure may be warranted in limited circumstances if, among other factors, the loss of caretaking support substantially exceeds the harm ordinarily incident to incarceration or is one for which no effective remedial or ameliorative programs reasonably are available. (Id. § 5H1.6 n.1(B)). Nothing in the record or in Petitioner's motion, however, suggests that the loss of Petitioner's ability to take care of his grandmother was extraordinary or could not otherwise be remedied. In fact, Petitioner offers nothing more than a bald assertion that counsel failed to argue Petitioner's caretaking role under § 5H1.6. In sum, Petitioner has failed to establish ineffective assistance or prejudice with regard to counsel's failure to mention Petitioner's caretaking role with his grandmother.

Finally, Petitioner claims that counsel failed to present evidence of Petitioner's exemplary military service in support of his argument for a lower sentence. Although Attorney Meier did not devote a substantial portion of his argument to discussing Petitioner's military

7

record, Meier did reference Petitioner's service in the Army JAG Corps, and Meier noted that Petitioner did well during his time in the military. (Crim. No. 3:07-cr-173, Doc. No. 182 at 62). The record, therefore, does not support Petitioner's claim of ineffective assistance based on the alleged failure to describe Petitioner's service record.

Even assuming that counsels' performance was deficient, however, Petitioner is still unable to establish prejudice. In sentencing Petitioner to a within-guidelines sentence of 100 months, this Court thoroughly discussed the relevant sentencing factors and concluded that a variance was not justified based on the serious nature of Petitioner's offense. Petitioner has not shown how additional evidence of his military service would have altered the Court's analysis, and he has failed to meet his burden of establishing a substantial likelihood that his sentence would have been more lenient had that evidence been presented.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.
2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 20, 2012

Frank D. Whitney
United States District Judge